# Commonwealth of Massachusetts

MIDDLESEX,SS.

DAWN M CARDILLO, AS SHE IS
PERSONAL REPRESENTATIVE OF
THE ESTATE OF
CERREENA O'CONNELL ____, PLAINTIFF(S),

V.
DOLLAR TREE STORES, INC, and
TERMINIX USA, INC. ____, DEFENDANT(S)

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2181CV00906



### SUMMONS

THIS SUMMONS IS DIRECTED TO Dollar Tree Stores, Inc. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the MIDDLESEX SUPERIOR Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your **signed original** response with the Clerk's Office for Civil Business, SUPERIOR Court, WOBURN 200 TRADE CENTER (WOBURN, MA 01801 (address), by mail or in person, **AND**

   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: SCALLI MURPHY LAW P.C., 537 BROADWAY, EVERETT, MA 02149

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at **www.mass.gov.courts/case-legal-res/rules of court**.

4.  **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required Information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20___.

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____, 20___       Signature: _____

**N.B.**   **TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

_____, 20___

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| | | COUNTY Middlesex Superior Court (Woburn) |

| Plaintiff: | Dawn M. Cardillo, as she is Personal Representative of the Estate of Correen A. O'Connell | Defendant: | Dollar Tree Stores, Inc. and TORMAX USA, Inc. |
|---|---|---|---|
| ADDRESS: | 227 Springvale Avenue<br>Everett, MA 02149 | ADDRESS: | Dollar Tree Stores, Inc.     TORMAX, USA, Inc.<br>500 Volvo Parkway        11803 Starcrest Drive<br>Chesapeake, VA 23320     San Antonio, TX 78247 |
| Plaintiff Attorney: | Aidan E. Murphy, Esq. | Defendant Attorney: | |
| ADDRESS: | Scali Murphy Law, PC<br>837 Broadway<br>Everett, MA 02149 | ADDRESS: | |
| BBO: | 670293 | BBO: | |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B20 | Personal Injury - Slip and Fall | F | ☒ YES   ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   ☐ YES   ☒ NO          Is there a class action under Mass. R. Civ. P. 23?   ☐ YES   ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS

| A. Documented medical expenses to date | |
|---|---|
| 1. Total hospital expenses | $14,857.00 |
| 2. Total doctor expenses | $4,413.00 |
| 3. Total chiropractic expenses | |
| 4. Total physical therapy expenses | |
| 5. Total other expenses (describe below) | $19,857.00 |
| In Patient Rehabilitative Care, In Home Care, Ambulance Transports, Diagnostics, Etc. | |
| Subtotal (1-5): | $39,127.00 |
| B. Documented lost wages and compensation to date | |
| C. Documented property damages to date | |
| D. Reasonably anticipated future medical and hospital expenses | |
| E. Reasonably anticipated lost wages | |
| F. Other documented items of damages (describe below) | |
| | |
| TOTAL (A-F): | $39,127.00 |

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Injuries from fall including, but not limited to: frontal scalp bruising, forehead laceration, facial abrasions, nasal bridge fractures, nasal maxillary spine fracture, mallet finger, right knee.

## CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X _____   Date: 4/22/21

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X _____   Date: 4/22/21

SC0001-1/22/2021                    www.mass.gov/courts                    Date/Time Printed:04-22-2021 14:55:12

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality \***

AA1 Contract Action Involving Commonwealth, Municipality, MBTA, etc. (A)
AB1 Tortious Action Involving Commonwealth, Municipality, MBTA, etc. (A)
AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action Involving Commonwealth, Municipality, MBTA, etc. (A)
AE1 Administrative Action involving Commonwealth, Municipality, MBTA etc. (A)

**CN Contract/Business Cases**

A01 Services, Labor, and Materials (F)
A02 Goods Sold and Delivered (F)
A03 Commercial Paper (F)
A04 Employment Contract (F)
A05 Consumer Revolving Credit - M.R.C.P. 8.1 (F)
A06 Insurance Contract (F)
A08 Sale or Lease of Real Estate (F)
A12 Construction Dispute (F)
A14 Interpleader (F)
BA1 Governance, Conduct, Internal Affairs of Entities (A)
BA3 Liability of Shareholders, Directors, Officers, Partners, etc. (A)
BB1 Shareholder Derivative (A)
BB2 Securities Transactions (A)
BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property (A)
BD2 Proprietary Information or Trade Secrets (A)
BG1 Financial Institutions/Funds (A)
BH1 Violation of Antitrust or Trade Regulation Laws (A)
A99 Other Contract/Business Action - Specify (F)

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

D01 Specific Performance of a Contract (A)
D02 Reach and Apply (F)
D03 Injunction (F)
D04 Reform/ Cancel Instrument (F)
D05 Equitable Replevin (F)
D06 Contribution or Indemnification (F)
D07 Imposition of a Trust (A)
D08 Minority Shareholder's Suit (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting (A)
D11 Enforcement of Restrictive Covenant (F)
D12 Dissolution of a Partnership (F)
D13 Declaratory Judgment, G.L. c. 231A (F)
D14 Dissolution of a Corporation (F)
D99 Other Equity Action (F)

**PA Civil Actions Involving Incarcerated Party †**

PA1 Contract Action involving an Incarcerated Party (A)
PB1 Tortious Action involving an Incarcerated Party (A)
PC1 Real Property Action involving an Incarcerated Party (F)
PD1 Equity Action involving an Incarcerated Party (F)
PE1 Administrative Action involving an Incarcerated Party (F)

**TR Torts**

B03 Motor Vehicle Negligence - Personal Injury/Property Damage (F)
B04 Other Negligence - Personal Injury/Property Damage (F)
B05 Products Liability (A)
B06 Malpractice - Medical (A)
B07 Malpractice - Other (A)
B08 Wrongful Death - Non-medical (A)
B15 Defamation (A)
B19 Asbestos (A)
B20 Personal Injury - Slip & Fall (F)
B21 Environmental (F)
B22 Employment Discrimination (F)
BE1 Fraud, Business Torts, etc. (A)
B99 Other Tortious Action (F)

**RP Summary Process (Real Property)**

S01 Summary Process - Residential (X)
S02 Summary Process - Commercial/ Non-residential (F)

**RP Real Property**

C01 Land Taking (F)
C02 Zoning Appeal, G.L. c. 40A (F)
C03 Dispute Concerning Title (F)
C04 Foreclosure of a Mortgage (X)
C05 Condominium Lien & Charges (X)
C99 Other Real Property Action (F)

**MC Miscellaneous Civil Actions**

E18 Foreign Discovery Proceeding (X)
E97 Prisoner Habeas Corpus (X)
E22 Lottery Assignment, G.L. c. 10, § 28 (X)

**AB Abuse/Harassment Prevention**

E15 Abuse Prevention Petition, G.L. c. 209A (X)
E21 Protection from Harassment, G.L. c. 258E (X)

**AA Administrative Civil Actions**

E02 Appeal from Administrative Agency, G.L. c. 30A (X)
E03 Certiorari Action, G.L. c. 249, § 4 (X)
E05 Confirmation of Arbitration Awards (X)
E06 Mass Antitrust Act, G.L. c. 93, § 9 (A)
E07 Mass Antitrust Act, G.L. c. 93, § 8 (A)
E08 Appointment of a Receiver (X)
E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A (A)
E10 Summary Process Appeal (X)
E11 Worker's Compensation (X)
E16 Auto Surcharge Appeal (X)
E17 Civil Rights Act, G.L. c.12, § 11H (A)
E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) (X)
E25 Pleural Registry (Asbestos cases)
E94 Forfeiture, G.L. c. 265, § 56 (F)
E95 Forfeiture, G.L. c. 94C, § 47 (F)
E99 Other Administrative Action (X)
Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B (F)
Z02 Appeal Bond Denial (X)

**SO Sex Offender Review**

E12 SDP Commitment, G.L. c. 123A, § 12 (X)
E14 SDP Petition, G.L. c. 123A, § 9(b) (X)

**RC Restricted Civil Actions**

E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
E27 Minor Seeking Consent, G.L. c.112, § 12S (X)

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.

*Commonwealth of Massachusetts*

Middlesex, ss.                        SUPERIOR COURT DEPARTMENT
                                      OF THE TRIAL COURT
                                      CIVIL ACTION NO.:

DAWN M. CARDILLO as she is,     )
Personal Representative of      )
Estate of Correen A. O'Connell, )
                                )
 Plaintiff,                     )
                                )
 -v-                            )
                                )
DOLLAR TREE STORES, INC., and   )
TORMAX USA, INC.                )
                                )
 Defendants.                    )
                                )

## PLAINTIFF'S COMPLAINT & JURY DEMAND

### Parties

1.     Plaintiff Dawn M. Cardillo is Personal Representative of Estate of

Correen A. O'Connell, an estate filed in the Middlesex County Probate and

Family Court.

2.     Defendant Dollar Tree Stores, Inc. ("Dollar Tree") is a foreign

corporation organized under the laws of the Commonwealth of Virginia with a

principal business address of 500 Volvo Parkway, Chesapeake, Virginia 23320.

Dollar Tree is registered with the Commonwealth of Massachusetts, does business in the Commonwealth of Massachusetts and has appointed Corporation Service Company, Inc., 84 State Street Boston, Massachusetts 02109 its registered agent.

3.      Defendant TORMAX USA, Inc. ("TORMAX") is a foreign corporation organized under the laws of the State of Delaware with a principal business address of 11803 Starcrest Drive, San Antonio, Texas 78247, and does business in the Commonwealth of Massachusetts.

## Jurisdiction

4.      Jurisdiction over Dollar Tree is governed, *inter alia*, by the Massachusetts "long-arm" statute, G.L. c. 223A, § 3.

5.      Jurisdiction over TORMAX is governed, *inter alia*, by the Massachusetts "long-arm" statute, G.L. c. 223A, § 3.

## Statement of Facts

6.      Dollar Tree owns, controls, manages, maintains, operates and/or is responsible for a retail store of the same name open to the public located at 759 Lynnway, Lynn, Massachusetts 01905 (hereinafter the "Store").

7.     Dollar Tree is engaged in business and has continuous and systematic business contact in the Commonwealth of Massachusetts.

8.     The Store is staffed, maintained and operated by employees, agents and/or others under the direction and control of Dollar Tree.

9.     TORMAX was hired, engaged and/or employed by Dollar Tree to maintain, repair, replace or otherwise insure the safety of areas of the Store including, relevant hereto, an automatic sliding glass door (the "Automatic Door").

10.     As such, TORMAX is engaged in business and has continuous and systematic business contact in the Commonwealth of Massachusetts.

11.     On Thursday, April 26, 2018, Ms. Correen A. O'Connell ("Ms. O'Connell") was lawfully in the Store as a customer.

12.     Upon exiting the Store, Ms. O'Connell was knocked to the ground when the Automatic Door improperly closed with great force and struck Ms. O'Connell.

13.     The Automatic Door failed, *inter alia*, (i) to remain open while Ms. O'Connell exited the store, (ii) to properly sense Ms. O'Connell in its path or in the way, (iii) to slow/stop prior to striking Ms. O'Connell and (iv) to function properly.

14.     Upon information and belief, Dollar Tree was aware of and should have been aware of the Automatic Door's dangerous and defective condition prior to April 26, 2018.

15.     Upon information and belief, TORMAX was aware of and should have been aware of the Automatic Door's dangerous and defective condition prior April 26, 2018.

16.     No warning signs were placed in, on or around the area of the defective Automatic Door.

17.     No safety or remedial measures taken to abate or lessen the danger.

18.     The Automatic Door represented a dangerous and defective condition and a hazard on the premises of the Store.

19.     As a direct and proximate result of Ms. O'Connell's being struck and knocked down. Ms. O'Connell suffered, *inter alia,* physical injuries, pain of body and mind, partial and permanent disability, and was caused to incur medical and other expense in order to treat and rehabilitate physical injuries including, *inter alia,* hospitalization and long term inpatient skilled nursing care.

20.     At all times relevant hereto, Ms. O'Connell in no way contributed, either through act or omission, to the happening of this event, defendants' negligence and/or injuries and damages sustained.

21.     Ms. O'Connell died April 10, 2020.

-4-

22.    Ms. O'Connell's Estate was filed in Middlesex County Probate and Family Court and Dawn M. Cardillo has been appointed and qualified as Personal Representative.

### COUNT I
### Dawn M. Cardillo, as she is Personal Representative of
### Estate of Correen A. O'Connell v. Dollar Tree Stores, Inc.
### Negligence

23.    Plaintiff restates and reavers the statements contained in ¶¶ 1-22 as if specifically set forth herein.

24.    At all times relevant hereto, the Dollar Tree owned, controlled and/or maintained the Store.

25.    The Dollar Tree had a duty, *inter alia*: to properly maintain the Store in a safe reasonably defect free condition; to protect and ensure the store was safe for patrons; to repair, replace and/or cure dangerous conditions of which they knew or should have known; to warn of dangerous conditions; and, to cordon off or restrict access to dangerous conditions.

26.    The Dollar Tree breached said duty when it: negligently and carelessly allowed a dangerous and defective condition to exist and remain; failed to properly maintain the Store in a safe and defect free condition; failed to implement and/or follow procedures, standards and rules; failed to repair,

replace and/or cure dangerous conditions; failed to warn of, cordon off or restrict access to dangerous conditions; and, failed to protect and insure the store was safe for patrons.

27.    As a direct and proximate cause of the Dollar Tree's breach of its duty of care Ms. O'Connell was struck by the Automatic Door, fell and suffered, *inter alia*, physical injuries, pain of body and mind, partial and permanent disability and was caused to incur medical and other expense in order to treat and rehabilitate physical injuries.

28.    Ms. O'Connell was damaged thereby.

29.    Ms. O'Connell did not cause or contribute in any way to the happening of the fall or the resulting damages.


WHEREFORE, plaintiff Dawn M. Cardillo, as she is Personal Representative of Estate of Correen A. O'Connell demands judgment and relief against defendant Dollar Tree Stores, Inc. on Count I as prayed for below, plus interest and costs of this action as allowed by law.


**COUNT II**
**Dawn M. Cardillo, as she is Personal Representative of**
**Estate of Correen A. O'Connell v. Dollar Tree Stores, Inc.**
**Agency/Respondeat Superior**

30.    Plaintiff restates and reavers the statements contained in ¶¶ 1-29 as if specifically set forth herein.

31.    Defendant Dollar Tree is responsible for the actions and inactions of its agents, employees and/or persons under its direction or control who staff and/or maintain the Store.

32.    Defendant Dollar Tree failed to properly hire, train, supervise, direct or control its agents, employees and/or persons under its direction or control.

33.    As a direct and proximate cause of the actions or inactions of the Dollar Tree's agents, employees and/or persons under its direction or control, Dollar Tree allowed a dangerous and defective condition to remain which caused Ms. O'Connell to sustain, *inter alia*, physical injuries, pain of body and mind, partial and permanent disability and was caused to incur medical and other expense in order to treat and rehabilitate physical injuries.

34.    Plaintiff Ms. O'Connell was damaged thereby.

WHEREFORE, plaintiff Dawn M. Cardillo, as she is Personal Representative of Estate of Correen A. O'Connell demands judgment and relief against defendant Dollar Tree Stores, Inc. on Count II as prayed for below, plus interest and costs of this action.

-7-

## COUNT III
### Dawn M. Cardillo, as she is Personal Representative of Estate of Correen A. O'Connell v. Dollar Tree Stores, Inc.
### Agency

35.    Plaintiff restates and reavers the statements contained in ¶¶ 1-34 as if specifically set forth herein.

36.    Defendant Dollar Tree is responsible for the actions and inactions of its agent TORMAX.

37.    Defendant Dollar Tree failed, *inter alia*, to ensure TORMAX was qualified; and, to properly hire, supervise, direct or control TORMAX.

38.    As a direct and proximate cause of the actions or inactions of the Dollar Tree's agent, Dollar Tree allowed a dangerous and defective condition to remain which caused Ms. O'Connell to sustain, *inter alia*, physical injuries, pain of body and mind, partial and permanent disability and was caused to incur medical and other expense in order to treat and rehabilitate physical injuries.

39.    Plaintiff Ms. O'Connell was damaged thereby.


WHEREFORE, plaintiff Dawn M. Cardillo, as she is Personal Representative of Estate of Correen A. O'Connell demands judgment and relief against defendant Dollar Tree Stores, Inc. on Count III as prayed for below, plus interest and costs of this action.

## COUNT IV
## Dawn M. Cardillo, as she is Personal Representative of
## Estate of Correen A. O'Connell v. TORMAX USA, Inc.
## Negligence

40.    Plaintiff restates and reavers the statements contained in ¶¶ 1-39 as if specifically set forth herein.

41.    At all times relevant hereto, TORMAX was responsible, *inter alia*, for repairing, maintaining, servicing, calibrating, inspecting and/or otherwise insuring proper functioning of the Automatic Door.

42.    TORMAX had a duty to, *inter alia*: maintain the Automatic Door in a safe reasonably defect free condition; inspect; service; repair and/or cure dangerous conditions of which they knew or should have known; warn of dangerous conditions; and, cordon off or restrict access to dangerous conditions.

43.    TORMAX breached said duty when it: negligently and carelessly allowed a dangerous and defective condition to exist and remain; failed to maintain the Automatic Door in a safe and defect free condition; failed to inspect; failed to service; failed to cure dangerous conditions of which they know or should have known; and/or, failed to warn of, cordon off or restrict access to a dangerous condition and/or protect invitees from said dangerous or defective condition.

44.   TORMAX breached said duty when it failed to implement and/or follow procedures, standards and rules.

45.   As a direct and proximate cause of TORMAX's breach of its duty of care Ms. O'Connell was struck by the Automatic Door, fell and suffered, *inter alia*, physical injuries, pain of body and mind, partial and permanent disability and was caused to incur medical and other expense in order to treat and rehabilitate physical injuries.

46.   Ms. O'Connell was damaged thereby.

47.   Ms. O'Connell did not cause or contribute in any way to the happening of the fall or the resulting damages.


WHEREFORE, plaintiff Dawn M. Cardillo, as she is Personal Representative of Estate of Correen A. O'Connell demands judgment and relief against defendant TORMAX USA, Inc. on Count IV as prayed for below, plus interest and costs of this action as allowed by law.

### COUNT V
### Dawn M. Cardillo, as she is Personal Representative of
### Estate of Correen A. O'Connell v. TORMAX USA, Inc.
### Agency/Respondeat Superior

48.   Plaintiff restates and reavers the statements contained in ¶¶ 1-47 as if specifically set forth herein.

49.   Defendant TORMAX is responsible for the actions and inactions of its agents, employees and/or persons under its direction or control who, *inter alia*, maintained, repaired, replaced or otherwise were responsible to insure the safety of areas of the Store including the Automatic Door.

50.   Defendant TORMAX failed to properly hire, train, supervise, direct or control its agents, employees and/or persons under its direction or control.

51.   As a direct and proximate cause of the actions or inactions of the TORMAX' agents, employees and/or persons under its direction or control, TORMAX allowed a dangerous and defective condition to remain which caused Ms. O'Connell to sustain, *inter alia*, physical injuries, pain of body and mind, partial and permanent disability and was caused to incur medical and other expense in order to treat and rehabilitate physical injuries.

52.   Plaintiff Ms. O'Connell was damaged thereby.


WHEREFORE, plaintiff Dawn M. Cardillo, as she is Personal Representative of Estate of Correen A. O'Connell demands judgment and relief against defendant TORMAX USA, Inc. on Count V as prayed for below, plus interest and costs of this action.

WHEREFORE, plaintiff Dawn M. Cardillo, as she is Personal Representative of Estate of Correen A. O'Connell demands judgment and relief against defendant Dollar Tree Stores, Inc. on Counts I, II and III and against defendant TORMAX USA, Inc. or Counts IV and V as prayed for below and hereby respectfully requests that this Honorable Court:

(a)     enter judgment for plaintiff Dawn M. Cardillo, as she is Personal Representative of Estate of Correen A. O'Connell against defendant Dollar Tree Stores, Inc. on Counts I, II and III in an amount to be determined but to include compensation for plaintiff's medical expenses, economic loss, and other monetary expenses, harm, loss and damage;

(b)     enter judgment for plaintiff Dawn M. Cardillo, as she is Personal Representative of Estate of Correen A. O'Connell against defendant TORMAX USA, Inc. on Counts IV and V in an amount to be determined but to include compensation for plaintiff's medical expenses, economic loss, and other monetary expenses, harm, loss and damage;

(c)     award plaintiff Dawn M. Cardillo, as she is Personal Representative of Estate of Correen A. O'Connell compensation for all personal injuries and pain and suffering, loss of enjoyment of life, permanent and partial disability on Counts I, II and III against defendant Dollar Tree Stores, Inc.;

(d)     award plaintiff Dawn M. Cardillo, as she is Personal Representative of Estate of Correen A. O'Connell compensation for all personal injuries and pain and suffering, loss of enjoyment of life, permanent and

partial disability on Counts IV and V against defendant TORMAX USA, Inc.;

(e)     award plaintiff Dawn M. Cardillo, as she is Personal Representative of Estate of Correen A. O'Connell statutory interest upon actual damages from date of filing of this action if allowed by law;

(f)     award plaintiff Dawn M. Cardillo, as she is Personal Representative of Estate of Correen O'Connell reasonable attorney's fees and costs with respect to all Counts as allowed by law; and

(g)     grant such other and further relief as this Court deems just and fair.

## PLAINTIFF'S JURY DEMAND

Plaintiff Dawn M. Cardillo, as she is Personal Representative of the Estate of Correen O'Connell demands trial by jury on all Counts.

Respectfully Submitted
DAWN M. CARDILLO, AS SHE IS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF CORREEN A. O'CONNELL, Plaintiff,
By Her Attorney,

**SCALLI MURPHY LAW, P.C.**

By: _____
        Aidan E. Murphy, Esq.  BBO #670293

537 Broadway
Everett, Massachusetts 02149-3719
(617) 387 7000
(617) 389 2000-FAX
amurphy@scallimurphy.com

-14-

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2181CV00906 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Dawn M Cardillo Personal Representative for the Estate of Coreen A O'Connell vs. Dollar Tree Stores, Inc. et al | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|
| TO: Aidan E Murphy, Esq.<br>Scalli Murphy Law, P.C.<br>537 Broadway<br>Everett, MA 02149 | COURT NAME & ADDRESS<br>Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

#### STAGES OF LITIGATION

#### DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 07/21/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 08/23/2021 | |
| All motions under MRCP 12, 19, and 20 | 08/23/2021 | 09/20/2021 | 10/20/2021 |
| All motions under MRCP 15 | 08/23/2021 | 09/20/2021 | 10/19/2021 |
| All discovery requests and depositions served and non-expert depositions completed | 02/17/2022 | | |
| All motions under MRCP 56 | 03/21/2022 | 04/18/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/16/2022 |
| Case shall be resolved and judgment shall issue by | | | 04/24/2023 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>04/23/2021 | ASSISTANT CLERK<br>Debra J Newman | PHONE<br>(781)939-2748 |
|---|---|---|

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
CIVIL NO. 2181CV00906

| | |
|---|---|
| )<br>DAWN M. CARDILLO, as she is )<br>Personal Representative of Estate of )<br>Correen A. O'Connell, )<br>     *Plaintiff* )<br>)<br>v. )<br>)<br>DOLLAR TREE STORES, INC., )<br>and TORMAX USA, INC. )<br>     *Defendants* )<br>) | **RECEIVED**<br><br>7/7/2021 |

## DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER, JURY DEMAND, AND CROSS-CLAIM IN RESPONSE TO PLAINTIFF'S COMPLAINT

    Defendant Dollar Tree Stores, Inc. (hereafter "defendant") makes this its answer, jury demand, and cross-claim in response to the plaintiff's complaint. Unless specifically answered herein, all allegations of the complaint are denied.

### PARTIES

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff to prove the same.

2. Admitted.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff to prove the same.

### JURISDICTION

4. The defendant can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. To the extent a response is required, the defendant denies the allegations of this paragraph.

IC

5. The allegations of this paragraph are not directed at this defendant and thus no response is required. To the extent the allegations of this paragraph could be construed to be directed to this defendant, the allegations are denied.

## STATEMENT OF FACTS

6. The defendant can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. To the extent a response is required, the allegations of this paragraph are denied as written.

7. The defendant can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. To the extent a response is required, the allegations of this paragraph are denied as written.

8. The defendant can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. To the extent a response is required, the allegations of this paragraph are denied as written.

9. The defendant can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. To the extent a response is required, the defendant admits that Tormax was responsible for maintaining, repairing, replacing, and ensuring the safety of the automatic door.

10. The allegations of this paragraph are not directed at this defendant and thus no response is required. To the extent the allegations of this paragraph could be construed to be directed to this defendant, the allegations are denied.

11. The defendant can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. To the extent a response is required, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff to prove the same.

12. Denied.

13. Denied.

14. Denied. Further responding, the defendant denies that the automatic door was dangerous or defective.

15. The allegations of this paragraph are not directed at this defendant and thus no response is required. To the extent the allegations of this paragraph could be construed to be directed to this defendant, the allegations are denied.

16. Denied. Further responding, the defendant denies that there was a dangerous or defective condition.

17. Denied. Further responding, the defendant denies that there was a dangerous condition.

18. Denied.

19. Denied.

20. Denied.

21. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff to prove the same.

22. The defendant can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. To the extent a response is required, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff to prove the same.

**COUNT I**
**DAWN M. CARDILLO, AS SHE IS PERSONAL REPRESENTATIVE OF ESTATE OF CORREEN A. O'CONNELL V. DOLLAR TREE STORES, INC.**
**NEGLIGENCE**

23. The defendant incorporates herein its responses to paragraphs 1 through 22 of the plaintiff's complaint.

24. The defendant can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. To the extent a response is required, the allegations of this paragraph are denied as written.

25. The defendant can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. To the extent a response is required, the allegations of this paragraph are denied as written.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

Wherefore, defendant Dollar Tree Stores, Inc. says that the plaintiff's complaint against it should be dismissed and that judgment enter for the defendant together with its costs.

**COUNT II**
**DAWN M. CARDILLO, AS SHE IS PERSONAL REPRESENTATIVE OF ESTATE OF**
**CORREEN A. O'CONNELL V. DOLLAR TREE STORES, INC.**
**AGENCY/RESPONDEAT SUPERIOR**

30. The defendant incorporates herein its responses to paragraphs 1 through 29 of the plaintiff's complaint.

31. The defendant can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. To the extent a response is required, the allegations of this paragraph are denied as written.

32. Denied.

33. Denied.

34. Denied.

Wherefore, defendant Dollar Tree Stores, Inc. says that the plaintiff's complaint against it should be dismissed and that judgment enter for the defendant together with its costs.

**COUNT III**
**DAWN M. CARDILLO, AS SHE IS PERSONAL REPRESENTATIVE OF ESTATE OF**
**CORREEN A. O'CONNELL V. DOLLAR TREE STORES, INC.**
**AGENCY**

35. The defendant incorporates herein its responses to paragraphs 1 through 34 of the plaintiff's complaint.

36. The defendant can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. To the extent a response is required, the allegations of this paragraph are denied.

37. Denied.

38. Denied.

39. Denied.

Wherefore, defendant Dollar Tree Stores, Inc. says that the plaintiff's complaint against it should be dismissed and that judgment enter for the defendant together with its costs.

## COUNT IV
## DAWN M. CARDILLO, AS SHE IS PERSONAL REPRESENTATIVE OF ESTATE OF CORREEN A. O'CONNELL V. TORMAX USA, INC.
## NEGLIGENCE

40. The defendant incorporates herein its responses to paragraphs 1 through 39 of the plaintiff's complaint.

41. The allegations of this paragraph are not directed at this defendant and thus no response is required. To the extent the allegations of this paragraph could be construed to be directed to this defendant, the allegations are denied.

42. The allegations of this paragraph are not directed at this defendant and thus no response is required. To the extent the allegations of this paragraph could be construed to be directed to this defendant, the allegations are denied.

43. The allegations of this paragraph are not directed at this defendant and thus no response is required. To the extent the allegations of this paragraph could be construed to be directed to this defendant, the allegations are denied.

44. The allegations of this paragraph are not directed at this defendant and thus no response is required. To the extent the allegations of this paragraph could be construed to be directed to this defendant, the allegations are denied.

45. The allegations of this paragraph are not directed at this defendant and thus no response is required. To the extent the allegations of this paragraph could be construed to be directed to this defendant, the allegations are denied.

46. Denied.

47. Denied.

Wherefore, defendant Dollar Tree Stores, Inc. says that the plaintiff's complaint against it should be dismissed and that judgment enter for the defendant together with its costs.


## COUNT V
## DAWN M. CARDILLO, AS SHE IS PERSONAL REPRESENTATIVE OF ESTATE OF CORREEN A. O'CONNELL V. TORMAX USA, INC.
## AGENCY/RESPONDEAT SUPERIOR

48. The defendant incorporates herein its responses to paragraphs 1 through 47 of the plaintiff's complaint.

49. The allegations of this paragraph are not directed at this defendant and thus no response is required. To the extent the allegations of this paragraph could be construed to be directed to this defendant, the allegations are denied.

50. The allegations of this paragraph are not directed at this defendant and thus no response is required. To the extent the allegations of this paragraph could be construed to be directed to this defendant, the allegations are denied.

51. The allegations of this paragraph are not directed at this defendant and thus no response is required. To the extent the allegations of this paragraph could be construed to be directed to this defendant, the allegations are denied.

52. Denied.

Wherefore, defendant Dollar Tree Stores, Inc. says that the plaintiff's complaint against it should be dismissed and that judgment enter for the defendant together with its costs.

## AFFIRMATIVE DEFENSES

1. And further answering, the defendant says that the plaintiff's complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

2. And further answering, the defendant states that the plaintiff fails to state a claim for attorneys' fees and costs.

3. And further answering, the defendant says that if the plaintiff proves that the defendant was negligent as alleged, the plaintiff's decedent was negligent to a greater degree than the defendant and is barred from recovery under the Comparative Negligence Law of the Commonwealth of Massachusetts.

4. And further answering, the defendant says that the plaintiff's claims are barred or must be reduced due to the plaintiff's comparative and/or contributory negligence.

5. And further answering, the defendant says that the plaintiff has failed to take reasonable and prudent measures to mitigate whatever damages she might have sustained as a result of the acts or omissions complained of in his complaint.

6. And further answering, the defendant says that the plaintiff's decedent failed to take reasonable and prudent measures to mitigate whatever damages she might have sustained as a result of the acts or omissions complained of in his complaint.

7. And further answering, the defendant says that the acts complained of were committed by a party for whom it is not legally responsible.

8. And further answering, the defendant states that the interest rates set by M.G.L. c. 231 § 6B and c. 235, § 8 are unconstitutional as applied, and thus should not be applied by this Court.

9. And further answering, the defendant states the plaintiff's complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(4) for insufficiency of process.

10. And further answering, the defendant states the plaintiff's complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(5) for insufficiency of service of process.

11. And further answering, the defendant states that to the extent that it had any obligations to the plaintiff or the plaintiff's decedent, such obligations have been fully, completely and properly performed in every respect.

12. And further answering, the defendant states that if the plaintiff's decedent was injured or damaged as alleged, she assumed the risk of such injury and damage.

13. And further answering, the defendant states that any alleged act or omission by it was not the proximate cause of the plaintiff's alleged damages.

14. And further answering, the defendant states that to the extent a defective or dangerous condition existed, an allegation the defendant denies, the condition was open and obvious.

15. And further answering, the defendant reserves the right to assert such other defenses as may become known during the course of discovery.

## JURY DEMAND

The defendant hereby demands a jury trial on all claims.

## DEFENDANT DOLLAR TREE STORES, INC.'S CROSSCLAIMS AGAINST TORMAX USA, INC.

Defendant Dollar Tree Stores, Inc. ("Dollar Tree") hereby asserts the following crossclaims against Tormax USA, Inc.. ("Tormax"), in accordance with Fed.R.Civ.P. 13.

### COUNT I – CONTRACTUAL INDEMNIFICATION (DOLLAR TREE STORES, INC. V. TORMAX USA, INC.)

1. At the time of the incident alleged in the plaintiff's complaint, there was in place a valid and enforceable contract between Dollar Tree and Tormax (the "Service Agreement"), pursuant to which Tormax agreed to provide repair and maintenance services to the automatic doors at the location at which the plaintiff alleged she was injured.

2. The Service Agreement further provides that Tormax is required to defend, indemnify, and hold harmless Dollar Tree against the plaintiff's claims, including reasonable attorneys' fees and costs of defense.

3. In accordance with the terms of the Service Agreement, Dollar Tree is entitled to full indemnification from Tormax, including its reasonable attorneys' fees and costs of defense incurred in defense of the plaintiff's claims.

7

Wherefore, defendant/plaintiff-in-crossclaim, Dollar Tree, requests that judgment be entered against Tormax in favor of Dollar Tree, including interest, costs, and other such relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT
## (DOLLAR TREE STORES, INC. V. TORMAX USA, INC.)

4.  Dollar Tree repeats and realleges the allegations set forth in paragraphs 1 through 3, above.

5.  Pursuant to the terms of the Service Agreement, Tormax is required to defend, indemnify, and hold harmless Dollar Tree against plaintiff's claims, including reasonable attorneys' fees and costs of defense.

6.  Tormax breached the Service Agreement by failing to defend, indemnify, and hold harmless Dollar Tree, in breach of its contractual obligations.

7.  The Service Agreement further provides that Tormax shall maintain a policy of commercial general liability insurance, covering liability arising from premises, operations, independent contractors, product, completed operations, personal injury, advertising injury, and liability assumed under a contract with limits of at least $2 million per occurrence and $2 million aggregate, and that such policy shall name Dollar Tree as an additional insured.

8.  Tormax breached the Service Agreement by failing to provide general liability insurance naming Dollar Tree as an additional insured.

9.  As a result of Tormax' breach of the Service Agreement, Dollar Tree has suffered damages, including costs, expenses, and attorneys' fees in connection with the defense of the plaintiff's claims.

Wherefore, defendant/plaintiff-in-crossclaim, Dollar Tree, requests that judgment be entered against Tormax in favor of Dollar Tree, including interest, costs, and other such relief as the Court deems just and proper.

## COUNT III – COMMON-LAW INDEMNIFICATION
## (DOLLAR TREE STORES, INC. V. TORMAX USA, INC.)

10. Dollar Tree repeats and realleges the allegations set forth in the paragraphs 1 through 9, above.

11. In the event Dollar Tree is found liable to the plaintiff for the damages she has asserted in her complaint, which Dollar Tree expressly denies, such liability is based solely on the fault of Tormax, with no fault on the part of Dollar Tree, and, therefore, Dollar Tree is entitled to common-law indemnity from Tormax.

Wherefore, defendant/plaintiff-in-crossclaim, Dollar Tree, requests that judgment be entered against Tormax in favor of Dollar Tree, including interest, costs, and other such relief as the Court deems just and proper.

**COUNT IV – CONTRIBUTION**
**(DOLLAR TREE STORES, INC. V. TORMAX USA, INC.)**

12. Dollar Tree repeats and realleges the allegations set forth in paragraphs 1 through 11, above.

13. To the extent the plaintiff suffered damages as alleged in the plaintiff's complaint, then said damages, to the extent not caused by the plaintiff's own fault, were also caused by the negligence of Tormax.

14. If it is determined that Dollar Tree was negligent in this action, which Dollar Tree expressly denies, then Dollar Tree is entitled to contribution from Tormax in accordance with G.L.c. 231B,§1, et seq.

Wherefore, defendant/plaintiff-in-crossclaim, Dollar Tree, requests that judgment be entered against Tormax in favor of Dollar Tree, including interest, costs, and other such relief as the Court deems just and proper.

**JURY DEMAND**

The defendant hereby demands a jury trial on all claims.

Respectfully submitted by,
Defendant,
DOLLAR TREE STORES, INC.,
By its attorneys,

*/s/ Elizabeth A. Doubleday*

_____
Elizabeth A. Doubleday, BBO# 666693
Matthew R. Manuszak, BBO# 695739
COUGHLIN BETKE LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
edoubleday@coughlinbetke.com
mmanuszak@coughlinbetke.com

9

## <u>CERTIFICATE OF SERVICE</u>

I, Elizabeth A. Doubleday, do hereby certify that on this 7th day of July, 2021, I served the foregoing document upon counsel for the plaintiff via email to:

Aidan E. Murphy
Scalli Murphy Law, P.C.
537 Broadway
Everett, MA 02149
amurphy@scallimurphy.com

*/s/ Elizabeth A. Doubleday*
Elizabeth A. Doubleday

10

**RECEIVED**

7/7/2021

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                        SUPERIOR COURT
                                                      CIVIL NO. 2181CV00906

———————————————————      )
                                    )
DAWN M. CARDILLO, as she is         )
Personal Representative of Estate of )
Correen A. O'Connell,               )
            *Plaintiff*              )
                                    )
v.                                  )
                                    )
DOLLAR TREE STORES, INC.,           )
and TORMAX USA, INC.                )
            *Defendants*            )
———————————————————      )


## <u>NOTICE OF APPEARANCE</u>

TO THE CLERK IN THE ABOVE-MENTIONED COURT:

   Please notice the appearance of Matthew R. Manuszak, Esq. of Coughlin Betke LLP as

counsel for the Defendant, Dollar Tree Stores, Inc., in reference to the above-entitled matter.

                                   Respectfully submitted by,
                                   Defendant,
                                   DOLLAR TREE STORES, INC.,
                                   By its attorneys,

                                   */s/ Elizabeth A. Doubleday*
                                   ————————————————————
                                   Elizabeth A. Doubleday, BBO# 666693
                                   Matthew R. Manuszak, BBO# 695739
                                   COUGHLIN BETKE LLP
                                   175 Federal Street
                                   Boston, MA 02110
                                   (617) 988-8050
                                   edoubleday@coughlinbetke.com
                                   mmanuszak@coughlinbetke.com

FW

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew R. Manuszak, do hereby certify that on this 7th day of July, 2021, I served the foregoing document upon counsel for the plaintiff via email to:

Aidan E. Murphy
Scalli Murphy Law, P.C.
537 Broadway
Everett, MA 02149
amurphy@scallimurphy.com

*/s/ Matthew R. Manuszak*

Matthew R. Manuszak
